IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MOHAMMAD MASSOUDNIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4101-CV-C-NKL |
| ) | |
| PRINCIPAL LIFE INSURANCE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant Principal Life Insurance's ("Principal") Motion to Dismiss [Doc. # 14]. For the reasons set forth below, the Court denies Principal's Motion.

Plaintiff Mohammad Massoudnia ("Massoudnia") filed his Complaint in March 2005 wherein he alleges that Principal wrongfully withheld disability insurance benefits in violation of the Employees Retirement Income Security Act ("ERISA"). In his Complaint, Massoudnia stated that he is currently a resident of Tehran, Iran, but that he was a resident of St. Louis County during the relevant time period in his Complaint.

Principal now moves to dismiss Massoudnia's Complaint because the United States maintains sanctions against Iran and, under the implementing regulations for those sanctions, Principal cannot pay any damages to which Massoudnia may be entitled. The parties do not dispute that the implementing regulations for the sanctions prohibit insurance companies from "issuing or servicing insurance policies benefitting persons

1

located in Iran" or "paying a claim under or otherwise servicing insurance policies benefitting persons located in Iran." 31 C.F.R. pt. 560. Regarding insurance services, which are the subject of Massoudnia's Complaint, the Treasury Department's Office of Foreign Assets Control ("OFAC") has stated:

> Insurance companies should not engage in transactions with respect to an existing policy which has been discovered to . . . constitute an illegal export of a service . . . . In no case should a U.S. insurance company pay a claim under or otherwise service such a violative policy *without first contacting OFAC for a specific license*, which may or may not be granted depending on the circumstances.

*See* OFAC, Foreign Assets Control Regulations and the Insurance Industry, available at http://www.treas.gov/offices/enforcement/ofac/regulations (emphasis added). The parties also do not dispute that Principal is a United States insurance company.

According to Principal's Motion, it could not pay Massoudnia's claimed damages because he is in Iran and such a payment would violate the regulations outlined above. Moreover, Principal states that it cannot obtain discovery from Massoudnia while he is in Iran because that would constitute providing a "service" in violation of the sanctions. Massoudnia responded by submitting an affidavit wherein he stated that if he is successful on his claim against Principal, then he intended to return to the United States to live.[1]

The Court will deny Principal's Motion because there is no authority to suggest

---

[1] Massoudnia also points out his ties to the United States, including the fact that both he and his wife are naturalized United States citizens, his children were born in the United States, and he has a residence in Ferguson, Missouri.

that it cannot engage in litigation against Massoudnia without violating the sanctions.
Although Principal cannot provide a "service" or payments to Massoudnia, there is no
reason to believe that participating in adversarial litigation against a person located in Iran
would qualify as a "service" under the meaning of the regulations.[2] In fact, the
regulations suggest that providing a benefit to a person located in Iran violates the
sanctions and the Court would be hard-pressed to think of a scenario wherein a litigant
could be construed to be providing a beneficial service to its opponent. Therefore, the
language of the regulations suggest that litigating Massoudnia's claim does not violate the
regulations.

Regarding the payment of any damages Massoudnia may be entitled to,
Massoudnia has submitted an affidavit attesting that he intends to return to the United
States to collect the damages. Principal does not contest that it could pay Massoudnia
damages if he was physically located in the United States. Should Massoudnia choose
not to return to the United States, then the Court can consider the impact of the
regulations at that time.

Moreover, there is no evidence that Principal would be conclusively barred from
paying Massoudnia's damages, even if he chose to remain in Iran. The OFAC regulations
cited above do not prohibit the payment of all insurance proceeds to individuals in Iran;

---

[2]In fact, the implementing regulations specifically exempt personal communications that "[do] not involve the transfer of anything of value" from the sanctions. *See* 31 C.F.R. § 560.210(a).

3

instead, the regulations require an insurance company to contact OFAC and obtain a license before it pays the benefits. Thus, under the clear language of the regulations, it is possible that Principal may pay the insurance benefits, even if Massoudnia remains in Iran, if OFAC issues Principal the appropriate license. There is no evidence that Principal has sought such a license and, therefore, the facts are too speculative to warrant dismissal at this time.

Accordingly, it is hereby

ORDERED that Principal's Motion to Dismiss [Doc. # 14] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: August 30, 2005
Jefferson City, Missouri

4